**FILED**

**June 14, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 20-0706 – *State v. Scotty Joseph Byers.*

Armstead, Justice, dissenting

In this matter in which Petitioner challenges his criminal sentence on the grounds that he was required to appear at sentencing via video conference, the majority finds that 1) the circuit court committed error by denying Petitioner's request to physically appear at his sentencing hearing, and 2) this error is subject to a harmless error analysis. Because I believe that even if the majority is correct that error did occur, such error was harmless, I respectfully dissent. Petitioner did not suffer any prejudice as a result of appearing at the sentencing hearing via video conference. In fact, the circuit court imposed a lighter sentence than that sought by the State and had compelling reasons to reject Petitioner's request for an alternative sentence.

As noted by the majority, when the circuit court held Petitioner's sentencing hearing on June 4, 2020, the State of West Virginia was still in the midst, indeed was still in the early stages, of the COVID-19 pandemic. While this Court's May 6, 2020, COVID-related order provided that "[i]n-person hearings *may* commence on or after May 18, 2020[,]" it also indicated that "remote hearings and proceedings are still permitted and encouraged, if appropriate." *See* Supreme Court of Appeals of West Virginia, Administrative Order, Resumption of Operations (May 6, 2020). I further note that the majority relies on a number of cases that were decided before the COVID-19 pandemic in support of its conclusion that compelling a defendant to appear by video conference, rather than in person, at the imposition of sentence violates that defendant's right to be present at

1

a critical stage of the criminal proceedings. I believe these cases, decided prior to the COVID-19 pandemic, provide little guidance on how courts should balance a criminal defendant's right to be present with the need for reasonable restrictions, necessitated by COVID-19, to protect the health of such defendants as well as all persons involved in the proceedings.[1] While I believe the COVID-19 pandemic justified certain remote proceedings in criminal cases where sufficient safeguards were taken to protect the Constitutional rights of the accused, even if the majority is correct that, in this case, the circuit court erred by not allowing the Petitioner to appear in person at sentencing, I believe such error was harmless.

This Court has provided that "harmless error [is] firmly established by statute, court rule and decisions as salutary aspects of the criminal law of this State." Syl. Pt. 4, in part, *State ex rel. Grob v. Blair*, 158 W. Va. 647, 214 S.E.2d 330 (1975). The United States Supreme Court has recognized that "[m]ost errors, including constitutional ones are subject to harmless error analysis." *Sullivan v. Louisiana*, 508 U.S. 275, 278,

---

[1] It is possible that in balancing circumstances surrounding the COVID-19 pandemic with a defendant's right to appear at a sentencing hearing in-person, it would be permissible for a court to conduct the hearing by video conference as long as sufficient safeguards were provided to the defendant. *See Gibson v. Commonwealth of Kentucky*, No. 2020-SC-0250-MR, 2021 WL 3828558, *4 (Ky. Aug. 26, 2021) ("[Defendant] was not at a greater disadvantage than anyone else involved in the hearing. With all parties participating remotely, every member had the same difficulties observing each other's demeanor and gaining the kind of information only available with face-to-face confrontations. Finally, the pandemic created a strong, albeit temporary, public interest in ensuring the safety of all parties involved by requiring remote participation. Consequently, the trial did not err by holding his sentencing hearing remotely.").

(1993). Where there is "'grave doubt' regarding the harmlessness of errors affecting substantial rights," reversal is required. *O'Neal v. McAninch*, 513 U.S. 432, 437 (1995).

In arguing that the error in this case was not harmless, Petitioner notes that he did not receive the alternative sentence he requested during the sentencing hearing and that the outcome may have been different if he was allowed to appear in person. In his brief to this Court, Petitioner provides that "[s]entencing was Petitioner's last opportunity to convince the trial court he was serious about his recovery. . . . Petitioner and counsel developed a plan to request alternative sentencing and Petitioner was very motivated to fight for his sobriety."

Further, Petitioner argues that the State has failed to offer any proof that his virtual sentencing did not cause him to receive a harsher sentence. In essence, Petitioner asserts that it is impossible to conclude with certainty what sentence the circuit court would have imposed if he had been permitted to attend the hearing in person.

By contrast, the State asserts that Petitioner's appearance by video conference was harmless beyond a reasonable doubt. The State notes that Petitioner's primary argument during sentencing was that his history of criminal misconduct was the result of his substance addiction.[2] During sentencing, it was revealed that Petitioner had completed a treatment program during his previous incarceration and that he nevertheless continued to have substance abuse issues. The State asserts that the circuit court would not

---

[2] Procedurally, the circuit court assured Petitioner that, in the event he wished to speak privately with his counsel, (who was also participating via video conference), the court would accommodate such request.

3

have been swayed by Petitioner's physical presence at sentencing because of the undisputed fact that he had previously undergone substance abuse treatment that had not been successful. Further, the State emphasizes that the circuit court did not impose the maximum sentence and denied the State's request to run all of the sentences consecutively. Instead, the State asserts that the "circuit court analyzed the sentencing issues in this case and the Petitioner's physical presence would not have altered the circuit court's sentence of him."

Upon review, I find that Petitioner's arguments for why the sentence may have been different if he was physically present during the sentencing hearing do not have merit. I agree with the State that the circuit court considered all of the relevant factors in imposing the sentence it reached. The circuit court had two compelling reasons for rejecting Petitioner's request for an alternative sentence. First, Petitioner had previously completed a substance abuse treatment program and he nevertheless continued to have a substance abuse problem. Second, as noted by the State during the sentencing hearing, Petitioner had been granted probation in 2002 but had violated the terms of that probation. The State asserted that if Petitioner received an alternative sentence there was no indication, based on his previous history, that he would comply with the terms of the alternative sentence. Additionally, one factor weighing heavily in favor of finding that the error in this matter was harmless is that the circuit court did not impose the sentence requested by the State; instead, it ran a portion of Petitioner's sentence concurrently.

4

Based on all of the foregoing, I would find that the error in this case was harmless beyond a reasonable doubt. Therefore, I respectfully dissent.